J-S29027-18

2018 PA Super 134

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| V. | : | |
| | : | |
| | : | |
| | : | |
| YVONNE DONNA GOOSEBY-BYRD, | : | |
| | : | |
| Appellant | : | No. 2786 EDA 2017 |

Appeal from the Judgment of Sentence May 25, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0007267-2016

BEFORE:   PANELLA, J., MURRAY, J., and STEVENS*, P.J.E.

OPINION BY MURRAY, J.:                                    **FILED MAY 23, 2018**

Yvonne Gooseby-Byrd (Appellant) appeals from the judgment of

sentence imposed after the trial court convicted her of driving under the

influence (DUI) of alcohol, 75 Pa.C.S.A. § 3802(a)(2).  We affirm.

The trial court recounted the facts as follows:

On August 19, 2016 at about 1:38 a.m., Officer Jonathan
McGowan of the Lansdowne Borough Police Department was
called to 73 East Greenwood Avenue to investigate a disturbance
in the area. N.T., 5/25/17, p. 5, 25. He arrived at the location
about two minutes after [the] initial call. *Id.* at 26. Upon his arrival
he saw a silver sedan parked and occupied by three women who
were arguing loudly. [Appellant] was in the driver's seat and two
passengers were in the rear of the vehicle. *Id.* at 7-8, 26. Officer
McGowan approached [Appellant] and told her that he was called
to the area due to a complaint about noise and asked her to
produce her driver's license, registration and proof of insurance.
She provided her driver's license and a rental agreement for the
vehicle bearing her name. *Id.* at 9, 31. Officer McGowan testified
credibly that the vehicle was running with the keys in the ignition.
*Id.* at 97. As he approached he saw that the vehicle's windshield
was severely cracked. He asked about the damage and [Appellant]
told him that a pedestrian jumped on the vehicle earlier when the

_____
* Former Justice specially assigned to the Superior Court.

group was leaving a club in West Philadelphia. *Id.* at 10, 27. [Appellant] told him that she did not drink alcohol at the club but that her sisters had. *Id.* at 9-10. She stated that they were in the neighborhood looking for a relative's house. During this interaction the officer detected the strong odor of alcohol coming from the passenger compartment. He also observed that [Appellant's] eyes were glassy and bloodshot and her speech was slurred. Her passengers exhibited the same features. *Id.* at 11.

Officer McGowan asked [Appellant] to exit the vehicle. She was unsteady on her feet, had a staggered gait as she walked to the back of her vehicle, [and was] using the vehicle for support. Three field sobriety tests followed and [Appellant] failed each of the tests. She participated in a preliminary breath test. The officer concluded that [Appellant] was incapable of safe driving and placed her under arrest. *Id.* at 11-16. Thereafter he read her an Implied Consent form which she signed, agreeing to blood testing. A blood test measured her BAC at .088%. *Id.* at 19-20. Throughout this entire episode, at no time did either [Appellant] or her sisters say that [Appellant] was not the driver of the vehicle. *Id.* at 32.

[At trial, Appellant] testified in her own defense and also offered the testimony of her sister, Linese, who was in the vehicle. Both women admitted that during the course of their interaction with McGowan, before and after the arrest, no one ever said that Linese was the driver of vehicle, not [Appellant]. *Id.* at 50, 87-90.

Trial Court Opinion, 9/20/17, at 4-6.

Appellant was charged with DUI and a bench trial commenced on May 25, 2017. The same day, the trial court rendered its guilty verdict and sentenced Appellant to six months of probation plus costs and community service. N.T., 5/25/17, at 103-104. Appellant filed a motion for post-trial relief assailing the sufficiency of the evidence, as well as a motion for reconsideration of sentence. After a hearing on July 18, 2017, the trial court denied the motions. Appellant filed this timely appeal.

- 2 -

Appellant presents a single issue for our review:

WHETHER THE EVIDENCE WAS INSUFFICIENT TO CONVICT [APPELLANT] OF DUI BEYOND A REASONABLE DOUBT WHERE THE TRIAL TESTIMONY PRECLUDED ANY LAWFUL INFERENCE THAT SHE WAS OPERATING, OR IN CONTROL OF THE VEHICLE IN QUESTION WHEN THE POLICE ARRIVED ON THE SCENE.

Appellant's Brief at 7.

In reviewing a sufficiency claim, our Supreme Court has summarized:

When reviewing a challenge to the sufficiency of the evidence, we must determine if the Commonwealth established beyond a reasonable doubt each of the elements of the offense, considering the entire trial record and all of the evidence received, and drawing all reasonable inferences from the evidence in favor of the Commonwealth as the verdict-winner. The Commonwealth may sustain its burden of proof by wholly circumstantial evidence.

*Commonwealth v. Segida*, 985 A.2d 871, 880 (Pa. 2009) (citations omitted).

Instantly, Appellant was convicted under the following provision of the Vehicle Code:

**(a) General impairment.--**
. . .

(2) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.08% but less than 0.10% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(2).

Appellant states that "[t]he factual issue contested in the present case was whether Appellant ever operated the automobile she was found in on the evening of August 19, 2016 after she had ingested the alcohol measured in

- 3 -

her blood."[1] Appellant's Brief at 12. Appellant emphasizes that police "**never** saw her operating the vehicle" and argues there was "insufficient evidence that she had driven the car to the location to which the police were called." *Id.* at 13. Appellant asserts "it was incumbent upon the prosecution to prove [Appellant] was the one who drove the vehicle to the location" and "they completely failed to do so as the only testimony relevant to the issue was that of Linese Byrd who forthrightly told the court that she was the one who drove the car there." *Id.* at 14. Appellant concludes "there existed **no** factual basis from which to infer that Appellant ever operated the vehicle in question while her BAC was above the legal limit." *Id.* We disagree.

The trial court convicted Appellant of DUI-general impairment under 75 Pa.C.S.A. § 3802(a)(2). Our Supreme Court has stated that the statute "defines the offense to include two elements: that the individual drove after drinking alcohol, and that the amount of alcohol ingested *before* driving was enough to cause the individual's BAC level to be at least 0.08 percent and below 0.10 percent within two hours *after* driving." *Commonwealth v. Duda*, 923 A.2d 1138, 1147 (Pa. 2007) (emphasis in original, footnote deleted).

---

[1] Appellant's sole argument is that she was not the driver of the vehicle; she does not contest the taking of the blood draw, the results, or the two-hour timeframe prescribed in 75 Pa.C.S.A. § 3802(a)(2).

Instantly, in addition to introducing into evidence the BAC results from Appellant's blood draw, the Commonwealth presented circumstantial evidence which led police to believe that Appellant drove the vehicle after drinking alcohol. Officer Jonathan McGowan testified to responding to a call of "subjects arguing out front possibly in a vehicle." N.T., 5/25/17, at 5. Officer McGowan did not see Appellant drive the vehicle, nor did he see the vehicle in motion. *Id.* at 29-30. Rather, when Officer McGowan arrived, three women were sitting in the car and Appellant was in the driver's seat; Officer McGowan testified that the vehicle "was running." *Id.* at 6-10. Officer McGowan noticed that the vehicle's windshield was "severely damaged, spidered and cracked." *Id.* at 10. When Officer McGowan inquired, Appellant told the officer that the women were coming from a club in West Philadelphia, and a pedestrian jumped onto the vehicle as they were leaving the club. *Id.* at 9-10, 32. Officer McGowan testified:

> At the time I could smell a strong odor of alcohol beverage emanating from the vehicle itself, and I observed [Appellant] displaying glassy, bloodshot eyes, and her speech was slurred.

*Id.* at 10. He added that when he asked Appellant to exit the vehicle, "[w]hile she was stepping out of the vehicle and walking to the rear, she appeared to be very unsteady on her feet. She had a staggered gait, and she wasn't able to stand up straight and walk normally." *Id.* at 11. Appellant also failed field sobriety tests. *Id.* at 13-15. Thus, Officer McGowan asked Appellant to

consent to a blood draw. Appellant agreed and signed the appropriate paperwork; the test showed Appellant's blood alcohol content to be .088. *Id.* at 21.

Appellant's sister, Linese Byrd, testified that she was one of the individuals with Appellant when Officer McGowan arrived. *Id.* at 34-39. Ms. Byrd stated that she and Appellant and their other sister had been celebrating Appellant's birthday, but pulled over and got out of the car because Appellant and her other sister were arguing. *Id.* at 38-39. Ms. Byrd claimed that she had been driving until the three sisters exited the car. *Id.* at 39. She said that the women were outside of the car when the police arrived and instructed the women to get back inside of the car. *Id.* at 40. Ms. Byrd testified that Appellant never drove the vehicle. Rather, Ms. Byrd drove because she was not drinking and "knew [Appellant] would be drinking." *Id.* at 41, 45, 59. She conceded that even after Appellant was arrested, Ms. Byrd never told the police that Appellant had not been driving. *Id.* at 50, 53. She explained that she was reluctant to admit to driving because she did not have a license. *Id.* at 53-54, 56. It was not until trial that Ms. Byrd indicated that she was the driver of the vehicle. *Id.* at 63.

Appellant also testified that her sister, Linese Byrd, was the driver of the vehicle. *Id.* at 69. She corroborated her sister's testimony that the sisters were arguing and exited the vehicle. *Id.* at 71. She stated that the police arrived and asked the women to get back into the vehicle; Appellant stated

that even though she had not been driving, she got into the driver's seat because "the vehicle is rented to me, it's in my name, and I didn't feel [any] need to not get into the driver's seat." *Id.* at 73. She added that she "absolutely" felt okay to drive. *Id.* at 76. Appellant testified that Officer McGowan told her to exit the vehicle because he "smelled liquor." *Id.* at 87. She admitted that she never told him that she was not driving because he did not ask, and "[i]t wasn't about whether I was driving. I think that he could see that I wasn't driving." *Id.* at 87-88.

On this record, the trial court found Appellant guilty of DUI-general impairment. In rejecting Appellant's sufficiency claim, the court expressly found the testimony of Ms. Byrd and Appellant to be "completely lacking in credibility as it was riddled with inconsistencies throughout." Trial Court Opinion, 9/20/17, at 6. The court concluded that "[t]heir self-serving testimony was incredulous." *Id.* Accordingly, the evidence was sufficient for the trial court to establish beyond a reasonable doubt that Appellant drove a vehicle under the influence of alcohol as proscribed by Section 3802(a)(2).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/23/18

- 7 -